IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEMING LU,<br><br>    Plaintiff,<br><br><br><br>        vs.<br><br><br>A. CRAIG PENDLETON AND ST.<br>MARK'S HOSPITAL,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT<br>PENDLETON'S MOTION TO<br>DISMISS<br><br><br><br><br>Case No. 2:05-CV-429 TS |

This matter comes before the Court on Defendant Pendleton's Motion to Dismiss. Plaintiff Lu, proceeding *pro se*, brought this claim pursuant to Title VII of the Civil Rights Act of 1964.[1] Pendleton seeks to dismiss Lu's claims against him arguing that Title VII imposes liability on employers, not individual supervisors. Lu responds by asserting she also has a basis for a claim under 42 U.S.C. §§ 1981 and 1983. In his reply, Pendleton argues that Lu does not have a claim under either of these provisions. The Court will address each provision in turn.

---

[1] 42 U.S.C. §§ 2000e *et seq*.

## I.  RULE 12(b)(6) STANDARD

The standard for considering a Fed. R. Civ. P. 12(b)(6) motion is as follows:

> [A]ll well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997) "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).[2]

Since Plaintiff is proceeding *pro se*, the Court notes that "[w]hile [the Court] of course liberally construe *pro se* pleadings, [a plaintiff's] *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."[3]  A pro se complaint is only properly dismissed for failure to state a claim if plaintiff obviously cannot prevail on the facts and, additionally, it would be futile to allow him to amend his complaint.[4]

## II.  DISCUSSION

### A.  TITLE VII

Lu's primary cause of action is brought under Title VII.  "Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. 'The relief granted under Title VII is against the *employer*, not individual employees whose

---

[2]*Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999).

[3]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[4]*Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

actions would constitute a violation of the Act.'"[5]  Therefore, it is appropriate to sue employers in Title VII actions.[6]  The Tenth Circuit has upheld the dismissal of cases against individual defendants because Title VII applies only to employers.[7]

Since Lu has brought suit against Pendleton in his individual capacity, the Court will dismiss Lu's Title VII claims against Pendleton.  The Court will, however, allow Lu to proceed against St. Mark's Hospital on her Title VII claim.

B.  42 U.S.C. § 1981

Lu argues that Pendleton can be held individually liable under § 1981.  Pendleton argues that Lu has failed to state a claim under § 1981 because she has not shown that Pendleton has deprived her of her right to make and enforce contracts.  Pendleton argues that this case only involves disputes about the propriety of discipline that Pendleton gave to Lu, not deprivation of contract rights.

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as in enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.[8]

---

[5]*Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).

[6]*Id*.

[7]*See Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994).

[8]42 U.S.C. § 1981(a).

"By its language, Section 1981 establishes four protected interests: (1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments."[9]  It is the first interest—the right to make and enforce contracts—which is at issue here.  "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[10]

In order "to establish a prima facie case of discrimination under § 1981, the plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."[11]   Here, Lu has failed to state a § 1981 claim because she cannot show that any alleged discrimination interfered with a protected activity.  Lu has not shown that Pendleton interfered wither her ability to make and enforce contracts.  Therefore, the Court will dismiss Lu's § 1981 claim.

C.  42 U.S.C. § 1983

Lu also argues that Pendleton can be held personally liable under § 1983.  "Under Section 1983, liability attaches only to conduct occurring 'under color of law'."[12]  Therefore, the only

---

[9]*Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989).

[10]42 U.S.C. § 1981(b).

[11]*Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001).

[12]*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

4

proper defendants in a Section 1983 claim are those who represent the state in some way.[13]  Lu

has failed to show that Pendleton was acting under color of law.  Therefore, Lu's § 1983 claim

against Pendleton must be dismissed.

III.  CONCLUSION

The Court therefore

ORDERS that Defendant Pendleton's Motion to Dismiss (Docket No. 5) is GRANTED.

Plaintiff's claims remain against Defendant St. Mark's Hospital.

DATED   October 27, 2005.


BY THE COURT:


_____

TED STEWART
United States District Judge

_____

[13]*Id.*