IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEMING LU,<br><br>    Plaintiff,<br><br>vs.<br><br>CRAIG PENDLETON and ST. MARK'S HOSPITAL,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR GRANTING CERTIFICATION UNDER RULE 54(b)<br><br><br><br>Case No. 2:05-CV-429 TS |

On October 27, 2005, the Court issued a Memorandum Decision and Order Granting Defendant Pendleton's Motion to Dismiss.[1] Plaintiff appealed that Order to the Tenth Circuit Court of Appeals. On November 18, 2005, the Tenth Circuit issued an Order stating that the order being appealed did not dispose of all of the claims against all parties, noting that the claims against Defendant St. Mark's Hospital are still pending in this Court.[2] As a result of that Order, Plaintiff seeks certification under Rule 54(b).

---

[1] Docket No. 23.

[2] Docket No. 27.

1

"The purpose of Rule 54(b) 'is to avoid the possible injustice of delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'"[3] But Rule 54(b) also "preserves the historic federal policy against piecemeal appeals."[4] This policy "promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case."[5]

The Tenth Circuit has stated that "'Rule 54(b) entries are not to be made routinely . . . .'"[6] In fact, trial courts should be reluctant to enter Rule 54(b) orders.[7] Certification under Rule 54(b) is appropriate only when the court makes two express determinations.[8] First, the court must determine that the order it is certifying is a final order.[9] Second, it must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[10] "In making these determinations, the district court should

---

[3] *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)).

[4] *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956).

[5] *Oklahoma Turnpike*, 259 F.3d at 1241.

[6] *Id*. at 1242 (quoting *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal."[11]

"[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."[12]  "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal."[13] "To determine whether separate appeals would be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible."[14]  Here, Plaintiff's claims against the remaining Defendant, St. Mark's Hospital, are so intertwined with the dismissed claims against Defendant Pendleton that they are inseparable.  They revolve around the same factual issues and involve common legal issues.  Therefore, the Court's Order dismissing Defendant Pendleton is not "final" under Rule 54(b).

Additionally, there is just reason to delay review of the final order until the Court has conclusively ruled on all claims presented by the parties to the case.  As noted above, Plaintiff's claims against both Defendant Pendleton and Defendant St. Mark's Hospital are inseparable.  Certification of the Court's Order dismissing Defendant Pendleton would not preserve the

---

[11]*Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

[12]*Oklahoma Turnpike*, 259 F.3d at 1243.

[13]*Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005).

[14]*Id*.

historic federal policy against piecemeal appeals.  Instead, it would do just the opposite.  The Court finds that certification under Rule 54(b) would lead to redundant appeals.  Thus, the Court will deny Plaintiff's Motion.

It is therefore

ORDERED that Plaintiff's Motion for Granting Certification Under Rule 54(b) (Docket No. 28) is DENIED.

DATED   December 13, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge